# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES, | Case No. 1:21-cv-01078-NONE-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | |
| SUPREME COURT JUDGES, *et al.*, | (ECF No. 12) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Antoine Deshawn Barnes ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on July 12, 2021, was screened and Plaintiff was granted leave to amend. Plaintiff's amended complaint, filed on August 27, 2021, is currently before the court for screening. (Doc. 12.)

**I.       Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. I*qbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California Men's Colony, East, in San Luis Obispo, California. The events in the complaint are alleged to have occurred at North Kern State Prison. Plaintiff names as defendants: (1) Supreme Court Judges, (2) Governor Gavin Newsom, (3) Lawrence Nwajei, BPH Deputy Commissioner, (4) Lynch, CSP- Sacramento Warden, (5) North Kern Prison Warden Hixon.

In claim 1, Plaintiff alleges violation of the Eighth Amendment for cruel and unusual punishment in the he was discriminated against by the listed defendants and denied early parole under Prop. 57. Plaintiff refers the Court to "Exhibit A" attached to the complaint and alleges that his civil rights were violated by chief deputy warden Hixon of North Kern State Prison "by denying [Plaintiff] COVID 19 early proposition 57 release thru BPH, denial of Proposition 57 66% credits, Penal Code 2900.5 in custody credits." Plaintiff makes the same allegation against defendant Governor Newsom. Plaintiff alleges that his Eighth Amendment rights were violated by the Supreme Court of California who granted the *Gadlin* case. CDCR cannot discriminate by excluding Plaintiff from Board of Prison Hearings on Proposition 57 early release. Governor Brown and Newsom handed down Proposition 57 to CDCR Secretary for release of all nonviolent

inmates. Plaintiff, due to COVID 19, has been denied Plaintiff's freedom in early release due to Plaintiff being a 290 registrant nonviolent inmate. North Kern Prison Warden Hixon "granted" Plaintiff's early release, but CSP-Sac New Folsom Prison Warden Lynch is discriminating and depriving Plaintiff from being free. The supervisors are liable for participating in or directing the violation or knew of the violations of Prop 57 early release and have failed to release Plaintiff. His deprivation of release resulted from an official policy of "Prop 57."

As relief, Plaintiff seeks to be released through the Board of Prison hearings and to issue an order that Plaintiff be immediately released. Plaintiff also seeks damages.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. The allegations are hard to follow and it is unclear what each defendant did which Plaintiff claims violated his rights. Plaintiff's amended complaint fails to state factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8. Plaintiff has been unable to cure this deficiency.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or

3

> immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

As in the original complaint, Plaintiff's complaint fails to link all Defendants to potential constitutional violations. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. Plaintiff has not alleged what each individual defendant did or did not do that caused the asserted deprivation.

### C. Supervisor Liability

Insofar as Plaintiff is attempting to sue the Governor, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations. See *Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

**D. Absolute Immunity**

A judge is absolutely immune from suits seeking monetary damages for acts performed in his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9 (1991). While unclear, any allegations against judicial defendants involve acts performed in their judicial capacities. As in the original complaint, it is unclear why Plaintiff has named the Supreme Court of California. The Court's ruling in *In re Gadlin*, 10 Cal. 5th 915, 943, 477 P.3d 594, 612 (2020)[1] cannot form any basis for

---

[1] *In re Gadlin*, 10 Cal. 5th 915, 943, 477 P.3d 594, 612 (2020), the Court held, "that an inmate may not be excluded from nonviolent offender parole consideration based on a current conviction for a registerable felony offense that the Department's regulations have defined as nonviolent."

liability under the United States Constitution.

### E. No Constitutional Protection for Early Parole

Plaintiff cannot maintain a constitutional violation based on denial of early parole consideration, because Plaintiff has no protected liberty interest in parole. There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. *Swarthout v. Cooke*, 562 U.S. 216, 220, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011); see also *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. Proposition 57 is purely a creature of state law, and deprivation of any rights that it creates therefore cannot be vindicated here. See 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process).

### F. Habeas Action

To the extent that Plaintiff is attempting to challenge the validity of his conviction and his incarceration, the exclusive method for asserting that challenging is by filing a petition for writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action, and that their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### IV.     Leave to Amend Would be Futile

"Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires.  However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citations and internal quotation marks and brackets omitted); *see also Lopez v. Smith*, 203 F.3d

1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation and internal quotation marks omitted)).

The Court has determined that Plaintiff's claims are seeking habeas relief and/or early parole under Proposition 57. As Plaintiff cannot plead any additional facts to cure the defects, it would be futile to grant Plaintiff leave to amend. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

### V. Conclusion and Recommendation

For the reasons stated, Plaintiff's amended complaint fails to state a cognizable claim for relief. As the deficiencies in the complaint are not capable of being cured through amendment, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 3, 2021**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE